Gary N. Marks
Robert L. Schmidt
NORRIS, McLAUGHLIN & MARCUS, PA
721 Route 202-206
P.O. Box 1018
Somerville, NJ 08876-1018
(908) 722-0700
Proposed Attorneys for Debtors/Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| In Re: | : | Chapter 11 |
|---|---|---|
| JESAL PATWARI, a Delaware limited liability company, | : | Case No. 08-26178 |
| Debtor. | : | |
| In Re: | : | Chapter 11 |
| SHAPAT, INC., | : | Case No. 08-26181 |
| Debtor. | : | |
| In Re: | : | Chapter 11 |
| PATWARI, LLC, | : | Case No. 08-26184 |
| Debtor. | : | |
| In Re: | : | Chapter 11 |
| SHAPAT 2, LLC, | : | Case No. 08-26186 |
| Debtor. | : | |
| In Re: | : | Chapter 11 |
| SHAPAT 3, LLC, | : | Case No. 08-26188 |
| Debtor. | : | |

**DEBTORS' MOTION PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 1015(b) FOR AN ORDER
<u>DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

TO THE HONORABLE NOVALYN L. WINFIELD, BANKRUPTCY JUDGE:

The Debtors/Debtors-in-Possession in the above-captioned chapter 11 cases (jointly, the "Debtors"), respectfully represent:

### Background

1. On August 27, 2008, (the "Petition Date"), the Debtors filed voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Jurisdiction and Venue

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### The Debtors' Businesses

3. Debtor, Jesal Patwari ("Patwari"), is an individual residing at 1032 Waterford Drive, Edison, NJ 08817.

4. Patwari is the franchisee on four Subway franchise agreements with Doctors Associates, Inc.

5. Debtors, Shapat, Inc., Patwari, LLC, Shapat 2, LLC and Shapat 3, LLC (the "Operating Entities") are the respective corporate and trade names under which Patwari operates her four Subway sandwich restaurants.

6. The within bankruptcy cases were filed to protect the Debtor's interests in the franchise agreements and in certain commercial real estate leases. Patwari has personally guaranteed various obligations of the Operating Entities.

7.   Based on the foregoing, it is anticipated that issues common to all Debtors will arise during the course of this proceeding.

### Relief Requested

8.   By this Motion, the Debtors seek entry of an order directing joint administration of these cases for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9.   Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates." Fed. R. Bankr. P. 1015(b). Here, the Debtors are clearly "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, because Jesal Patwari is an officer or member in each of the Operating Entities. Thus, this Court is authorized to grant the relief requested herein.

10.   Entry of an order directing joint administration of these chapter 11 cases will avoid duplicative notices, applications and orders, thereby saving the Debtors considerable time and expense. The rights of creditors will not be adversely affected as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the District of New Jersey (the "United States Trustee") will be simplified.

11.   The Debtors request the case of Jesal Patwari be designated as the lead case because Jesal Patwari is the franchisee with respect to the subject franchise agreements and the

3

common thread among all the cases. Accordingly, the Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these cases, as follows:

```
-----------------------------------------------------x
In Re:                                               :    Chapter 11
                                                     :
JESAL PATWARI, et. al.,                              :
                                                     :    Case Nos. 08-26178, 08-26181,
          Debtors                                    :         08-26184, 08- 26186,
                                                     :         08-26188 (NLW)
                                                     :
-----------------------------------------------------:    (Jointly Administered)
```

12. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of all five cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of JESAL PATWARI, SHAPAT, INC., PATWARI, LLC, SHAPAT 2, LLC AND SHAPAT 3, LLC. The docket in Case No. 08-26178 should be consulted for matters affecting this case.

### Waiver of Memorandum of Law

13. This Motion does not raise any novel issues of law and, accordingly, the Debtors respectfully request that the Court waive the requirement contained in the District of New Jersey Local Rules, D.N.J. LBR 9013-2 that a separate memorandum of law be submitted.

### Notice

14. No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion upon the United States Trustee for the District of New Jersey, the attorneys for the Debtors' pre-petition secured creditors and the holders of the twenty (20) largest unsecured claims against the Debtors on a consolidated basis. The Debtors submit that, given the administrative nature of the relief

requested herein, no other or further notice need be given.

15. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court grant the Motion in all respects and grant such other and further relief as it deems just and proper.

> Respectfully submitted,
>
> NORRIS MCLAUGHLIN & MARCUS, PA
> Attorneys for the Debtors-in-Possession
>
>
> By: /s/ Robert L. Schmidt
> Robert L. Schmidt

Dated: September 3, 2008