

**U.S. Department of Justice**

*Office of the United States Trustee*
*District of New Jersey*

One Newark Center          (973) 645-3014  Telephone
Suite 2100                 (973) 645-5993  Facsimile
Newark, New Jersey 07102

September 15, 2008

Honorable Novalyn L. Winfield
United States Bankruptcy Judge
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

**Subject:**     **Jesal Patwari**
                 **Case No. 08-26178(NLW)**

         **Shapat, Inc.**
         **Case No. 08-26181(NLW)**

         **Patwari, LLC**
         **Case No. 08-26184(NLW)**

         **Shapat 2 LLC**
         **Case No. 08-26186(NLW)**

         **Shapat 3 LLC**
         **08-26188(NLW)**

         **Objection to Debtors' Applications
          to Retain Norris, McLaughlin & Marcus, PA as Counsel**

Dear Judge Winfield:

Please accept this letter as an Objection by the Acting United States Trustee (the "UST") to the five (5) Applications (the "Application(s)") filed by the five (5) above referenced Debtors (the "Debtor(s)") to retain Norris, McLaughlin & Marcus, PA ("NMM") to serve as the Debtors' counsel.

*Procedural History:*

On August 27, 2008, (the "Petition Date") each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code.  NMM filed an Application in each of the Debtors' cases.

Regarding the Jesal Patwari case, a Certification by Gary N. Marks was filed in support of the

Application (the "Marks Certification").  Regarding the Shapat, Inc., Patwari, LLC, Shapat 2, LLC and Shapat 3, LLC cases, a Certification by Robert L. Schmidt was filed in support of the Application (the "Schmidt Certification(s)").

On the evening of August 26, 2008, the day prior to the Petition Date, the NMM firm provided to our office a conflicts waiver between Jesal Patwari, her husband Ankoor Patwari, and another corporate entity First Hudson Hot Dogs, LLC.  First Hudson Hot Dogs, LLC had previously filed a voluntary petition under chapter 11 of the Bankruptcy Code on July 3, 2008.  Jesal Patwari holds a 50% ownership interest in First Hudson Hot Dogs, LLC, and her husband Ankoor Patwari holds the other 50%.  An analogous objection along the same lines as this Objection is presently pending in the First Hudson Hot Dogs, LLC case.

*Factual Background:*

At the time of the filing of this Objection, none of the five (5) Debtors have filed schedules or a statement of financial affairs; a motion to extend the time to file such documents is pending in each of the Debtors' cases.  Additionally, none of the five (5) Debtors have appeared at a 341 meeting to date, such meetings having been scheduled to take place on September 24, 2008.  Given the limited amount of information available at this time, the UST reserves all rights to further supplement this objection.

Pursuant to all five (5) Applications and all five (5) Certifications, it is asserted by the Debtors, Mr. Marks, and Mr. Schmidt that the NMM firm does not represent an adverse interest to the estate and that the NMM firm is disinterested.

Pursuant to the Applications filed in the Jesal Patwari and Shapat 3, LLC cases, those two (2) Debtors share a common secured creditor, GE Franchise Finance.

Pursuant to the top-20 list filed in the Shapat, Inc. case, Jesal Patwari holds the largest claim against that corporate estate (an additional creditor also holds a claim against the Shapat, Inc. estate in the same amount).

Pursuant to the petition filed by Jesal Patwari, she identifies herself as an "Individual."  However, pursuant to the Debtors' motion seeking joint administration of the five (5) Debtors' cases, Jesal Patwari is identified in the caption of that pleading as "a Delaware limited liability company."

No conflict waiver between Jesal Patwari and the four (4) corporate Debtors has been presented to date.

*Objection:*

The Applications as presented propose to retain NMM to represent the four (4) corporate debtors as well as the individual insider, Jesal Patwari, in her personal bankruptcy case.  Although schedules and statements of financial affairs have not been filed to date, it is already asserted, as outlined above, that Jesal Patwari and one of the corporate Debtors share a common secured creditor, and that Jesal Patwari holds the largest unsecured claim against yet another corporate

Debtor. Additionally, there may be confusion as to what type of debtor the Jesal Patwari case is dealing with; the petition identifies it as an "individual" case while a pleading filed in that case identifies the Jesal Patwari Debtor as "a Delaware limited liability company."

Section 327(a) of the Bankruptcy Code only allows the debtor in possession to employ professional persons that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." One court has described Section 327(a) as "a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *In re Prudent Holding* Corp., 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993).

Any professional person that does not meet both the "no adverse interest" and "disinterested person" tests is disqualified from employment under Section 327(a). *See In re BH&P Inc*., 949 F.2d 1300, 1314 (3d Cir. 1991) (Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional that holds or represents an adverse interest is *per se* disqualified, and a professional that does not hold or represent an adverse interest is nevertheless disqualified unless it falls within the definition of "disinterested person" set forth in 11 U.S.C. § 101(14). *See, e.g.*, *United States Trustee v. Price Waterhouse*, 19 F.3d at 141 (disqualified because not disinterested); *Michel v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 999 F.2d 969, 972 (6th Cir. 1993) (can lack disinterestedness without having adverse interest).

Although no waiver between Jesal Patwari and the four (4) corporate Debtors has been presented to date, in the event of any such waiver, no waiver can exempt NMM from the express statutory requirements of 327(a). "In addition to the standards established by professional ethics, attorneys retained in bankruptcy proceedings are also required to meet the restrictions imposed by section 327 of the Bankruptcy Code." In re Congoleum Corp., 426 F.3d 675, 688 (3rd Cir. 2005). Pursuant to the express requirements of 327(a), the NMM firm can not "represent an interest adverse to the estate."

The NMM firm can not simultaneously represent two estates that have conflicting economic interests. This creates an actual conflict of interest. See, In re BH&P Inc., 949 F.2d 1300 (3d Cir. 1991)(same Chapter 7 trustee could not serve as Chapter 7 trustee for a debtor corporation and its principals where both filed Chapter 7 petitions) and In re Star Broadcasting, Inc., 81 B.R. 835 (Bankr, D.N.J. 1998)(court denied same law firm from representing both a corporation and its sole shareholder who both filed Chapter 11 petitions).

Under the clear language of 11 U.S.C. 327(a) of the Bankruptcy Code (the "Code"), any professional employed by a debtor-in-possession must be "disinterested" and neither hold nor represent an interest adverse to the estate. Code § 101(14), in turn, defines "disinterested person" as a person who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or or interest in, the debtor, or for any other reason."

Professionals for a bankruptcy estate must be committed to protecting the estate's interests and be free of the "interests of any other person" so that their "basic judgment and responsibility to the estate" is not affected. In re Philadelphia Athletic Club, Inc., 20 B.R. 328, 337 (E.D. Pa. 1982). A professional "should not place himself in a position where he may be required to

choose between conflicting interests or duties." Id.; See, e.g., In re 765 Assocs., 14 B.R. 449, 451 (Bankr. D. Hawaii 1981) ("An attorney should not place himself in a position where he may be required to choose between conflicting duties.").

Code §101(14)(C), referred to as the "catch-all clause," has been characterized as "broad enough to include anyone who in the slightest degree might have some interest or relationship that would distract from the independent and impartial attitude which is required by the [Bankruptcy] Code." In re Glenn Elec. Sales Corp., 89 B.R. 410, 413 (Bankr. D.N.J.), aff'd, 99 B.R. 596 (D.N.J. 1988); See also, In re Black Hills Greyhound Racing Ass'n, 154 B.R. 285, 292 (Bankr. D.S.D. 1993).

Although not defined in the Bankruptcy Code, "adverse interest" has been interpreted in this District to mean:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankrupt estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
>
> (2) to possess a predisposition under circumstances that render such a bias against the estate.

In re Glenn Elec. Sales Corp., 89 B.R. at 413 (quoting In re Star Broadcasting, Inc., 81 B.R. 835, 838 (Bankr. D.N.J. 1988)).

The Third Circuit in In re Marvel Entertainment Group, Inc., 140 F.3d 463 (3rd Cir. 1998) determined that the District Court applied the wrong legal standard in disqualifying trustee's counsel under Code §'s 327(a) and 101(14)(E). The Third Circuit held that,

> (1) Section 327(a), as well as Section 327(c), imposes a per se disqualification as trustee's counsel of any attorney who has an actual conflict of interest; (2) the district court may within its discretion — pursuant to Section 327(a) and consistent with Section 327(c) — disqualify an attorney who has a potential conflict of interest and (3) the district court may not disqualify an attorney on the appearance of conflict alone.

Id. at 476. Any professional person that does not meet both the "no adverse interest" and "disinterested person" tests is disqualified from employment under Section 327(a). *See* In re BH&P Inc., 949 F2d.1300,1314 (3rd Cir 1991)(Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional who holds or represents an adverse interest is *per se* disqualified, and a professional who does not hold or represent an adverse interest is nevertheless disqualified unless he or she falls within the definition of "disinterested person" set forth in 11 U.S.C. § 101(14) ("Section 101(14)"). *See, e.g.*, United States Trustee v. Price Waterhouse, 19 F.3d at 141 (disqualified because not disinterested).

Based on the foregoing, the NMM firm cannot represent both Jesal Patwari in her individual Chapter 11 case and the four (4) corporate Debtors. This argument extends to the First Hudson Hot Dogs, LLC case as well. Additionally, in the circumstances of all of these cases, this

conflict extends to any representation of Ankoor Patwari as well.

Therefore, the Acting United States Trustee respectfully requests that this Court deny the Applications.

Respectfully submitted,

Roberta A. DeAngelis
Acting United States Trustee
Region Three

*/s/ Peter J. D'Auria*
Peter J. D'Auria
Trial Attorney


cc:     Gary N. Marks, Esq. (via facsimile)
        Robert L. Schmidt, Esq. (via facsimile)