UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
ACTING UNITED STATES TRUSTEE, REGION 3
Peter J. D'Auria, Esq.  (PD 3709)
One Newark Center, Suite 2100
Newark, New Jersey 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Jesal Patwari, | : | Case No. 08-26178(NLW) |
| Shapat, Inc., | : | Case No. 08-26181(NLW) |
| Patwari, LLC, | : | Case No. 08-26184(NLW) |
| Shapat 2 LLC, | : | Case No. 08-26186(NLW) |
| Shapat 3 LLC, | : | Case No. 08-26188(NLW) |
| | : | |
| Debtors. | : | Hearing Date: January 12, 2009 at 10:00 a.m. |
| | : | |
| | : | **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER
CONVERTING CASES TO CHAPTER 7, OR  IN THE ALTERNATIVE
TO DISMISS THE CASES, PURSUANT PURSUANT TO 11 U.S.C. §1112(b)**

THE ACTING UNITED STATES TRUSTEE (the "UST"), by and through counsel, in furtherance of her duties and responsibilities, hereby respectfully moves for an Order pursuant to 11 U.S.C. § 1112(b) Converting each of the five (5) above captioned Chapter 11 Cases to Chapter 7, or in the Alternative to Dismiss the Cases, and respectfully represents as follows:

1.  Under 28 U.S.C. § 586(a)(8), the UST has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112.  This duty is part

of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

  2. On August 27, 2008, Jesal Patwari (Case No. 08-26178(NLW)), Shapat, Inc. (Case No. 08-26181(NLW)), Patwari LLC (Case No. 08-26184(NLW)), and Shapat 2 LLC (Case No. 08-26186(NLW)), and Shapat 3 LLC (Case No. 08-26188(NLW)) (collectively, the "Debtor(s)") each filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. Each of the five (5) Debtors have each remained in possession of their respective property and management of their respective affairs.

  3. On September 3, 2008, the Debtors filed a motion seeking joint administration of these five (5) Debtors' cases (docket entry 7 on the Jesal Patwari (08-26178(NLW)) docket). To date, no order has been entered directing the joint administration of these cases; accordingly, in an abundance of caution and to ensure complete and proper notice and service, this UST Motion to Convert or Alternatively Dismiss and accompanying papers are filed on each docket and served on each Debtor.

  4. An Unsecured Creditors' Committee has not been appointed by the UST in any of these five (5) cases.

  5. Pursuant to 11 U.S.C.§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply

certain reports concerning the estate's administration and the operation of the debtor's post petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtors at the inception of these cases.

6. Each of the five (5) Debtors have failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases. None of the Debtors have filed any Monthly Operating Reports with the United States Trustee since the inception of these cases. The Debtors' failure to file these reports hinders the Court's, the United States Trustee's, and the creditors' ability to monitor the operations of the Debtors. For example, in the absence of reports, it is impossible to determine whether the Debtors are current with their post petition obligations or have paid the correct quarterly fees to the United States Trustee or have the ability to file a plan of reorganization with in a reasonable period of time.

7. Each of the Debtors are delinquent in the payment of quarterly fees. None of the Debtors have paid any quarterly fees since the inception of these cases. It is estimated that each of the Debtors are in arrears $325 through the 3rd quarter 2008; this amount is estimated in every case because without any monthly operating reports the actual amount of statutory fees due can not be calculated. The United States Trustee was required to estimate disbursements and fees due to the Debtors' failure to file timely monthly reports of their disbursements. On a Debtor-by-Debtor basis, the actual fee outstanding may be greater based on each individual Debtor's actual disbursements.

8. 11 U.S.C. § 1112(b)(1), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides:

Except as provided in paragraph (2) of this subsection,[1] subsection (c) of this section,[2] and section 1104(a)(3),[3] on request of a party in interest and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

---

[1] 11 U.S.C. § 1112(b)(2) states:

> The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>    (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>    (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) –
>       (i) for which there exists a reasonable justification for the act or omission; and
>       (ii) that will be cured within a reasonable period of time fixed by the court.

[2] 11 U.S.C. § 1112(c) states:

> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

[3] 11 U.S.C. § 1104(a)(3) states:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
>                       \*\*\*
>
>    (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee is in the best interests of creditors and the estate.

    9.    "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B) gross mismanagement of the estate;

    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

    (E) failure to comply with an order of the court;

    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

    (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

    (J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

    (K) failure to pay any fees or charges required under chapter 123 of title 28;

    (L)  revocation of an order of confirmation under section 1144;

    10.    The reporting requirements mandate that (a) prior to confirmation, the Debtors are to file monthly operating reports within 20 days following the end of each month and (b) after confirmation, that the Debtors are to file quarterly reports within thirty days following the end of each calendar quarter.

11.     The Court's docket indicates that each of the Debtors have failed to file monthly operating reports since the inception of these cases.  The Debtors' failure in this regard constitutes an "unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to a case under [chapter 11]" pursuant to 11 U.S.C. § 1112(b)(4)(F).  Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

12.     These Debtors have assets that can be administered for the benefit of creditors.  Pursuant to testimony provided by the Debtors at a recent follow-up 341 Meeting held on December 3, 2008, the corporate Debtors all have assets (machinery and equipment) that is currently in storage.  According to the Debtor's schedules, Jesal Patwari's estate has assets.

13.     Accordingly, the UST submits that conversion of these cases would be in the best interest of creditors.  Conversion would result in the appointment of an independent trustee who would liquidate any assets and investigate whether there are any avoidance causes of action which might lead to a distribution to creditors.

*[Remainder of Page Intentionally Blank]*

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an Order Converting each of the Debtors' cases to Chapter 7, or in the Alternative Dismissing the Cases, and for such other and further relief that is deemed just and equitable.

        Respectfully submitted,

        ROBERTA A. DeANGELIS
        ACTING UNITED STATES TRUSTEE
        REGION 3

        */s/ Peter J. D'Auria*
        Peter J. D'Auria
        Trial Attorney

DATED: December 12, 2008