**DAHIYA LAW OFFICES LLC**
*JESAL PATWARI*
325 Broadway Suite 304
New York, New York 10007
212-766 8000
**Karamvir Dahiya (KD 9738)**

```
FILED
JAMES J. WALDRON, CLERK
FEB 1 1 2009
U.S. BANKRUPTCY COURT
NEWARK N.J.
BY            DEPUTY
```

**Proposed Attorneys for Debtor and Debtor in Possession**

*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF NEW JERSEY*
-----------------------------------------------------------X

In re

*JESAL PATWARI ,*

           Debtor.

-----------------------------------------------------------X

Case No.:
08—26178-NW
In Proceedings for
Reorganization
under Chapter 11

**APPLICATION FOR ORDER PURSUANT TO SECTION 327 AND 328 OF
THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2014 APPROVING RETENTION OF
DAHIYA LAW OFFICES, LLC. AS
COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION.**

TO:  JUDGES OF THE UNITED STATES BANKRUPTCY COURT
      FOR THE DISTRICT OF NEW JERSEY

      The ., Debtor and Debtor in possession, (sometimes referred to as the

"Debtor" or "Jesal"), hereby submits this application (the "Motion") for an order,

pursuant to section 327 and 328 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), authorizing the Debtor to retain Dahiya Law Offices LLC (DAHIYA LAW) as counsel in connection with the above-captioned chapter 11 case. In support of this Motion, the Debtor relies on Affidavit of Ms. Jesal Patwari in Support of the Chapter 11 Petition and the Declaration of Karamvir S. Dahiya in Support of the Application for Order Approving Retention of Dahiya Law Offices LLC as Counsel to Debtor and Debtor-in-Possession. In addition, the Debtor respectfully represent as follows:

## BACKGROUND

1. The debtor has been running businesses as franchisee supplying food items and as well as catering to individual and corporate clients.

2. The debtor has become a victim of a high handed behavior of the Franchisor and Lessor Doctor Associations. Owing to their tortuous interference in businesses, by Doctor Associates, Inc, the debtor suffered heavy financial casualty and witness a plethora of court proceedings. In order to safeguard and to arrest further debacle of businesses, she sought the instant chapter 11 protection. The debtors also put all of her corporations (namely Shapat, Inc., Shapat II LLC, Shapat III LLC and Patwari, LLC) in bankruptcy protection . d.

3. Owing to the tortious act of the landlord, debtor could not sustain regular payment to the vendors and other creditors.

4. Perforce, Debtor filed its voluntary petition for relief under

chapter 11 of the Bankruptcy Code on August 27, 2008.

5.    The Debtor has been continued in the possession of its property and operation of its business as a debtor in possession, pursuant to 11 U.S.C. §§ 1108 and 1109 barring some of the places that has been vacated owing to court proceedings and inability to conduct business.

6.    No committee of unsecured creditors has been appointed in this case.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157. This district is the appropriate district to consider this Motion, pursuant to 18 U.S.C. § 1408 and 1409. The relief sought herein may be granted under section 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

## RETAINING DAHIYA LAW

8.    The Debtor wants to retain the law firm of DAHIYA LAW with offices at – 325 Broadway Suite 304, New York New York 10007 as the Debtor's attorneys.

9.    The Debtor believes that DAHIYA LAW is well versed in the law on the matters on which it is to be retained and is qualified to perform the

services needed by the Debtor in this case.

## NO ADVERSE INTEREST, DISINTERESTEDNESS

### And Disclosure of Connection

10. DAHIYA LAW has informed the Debtor that in its view it:

   i. does not hold or represent an interest adverse to the Debtor's estate;

   ii. is a "disinterested person" as defined by section 101 (14), and used in section 327 (a) (as qualified by section 1107 (b) of the Bankruptcy Code; and

   iii. has not connection with the Debtor, its creditors or other parties-in-interest in this case, except as forth in the declaration of Karamvir S. Dahiya of the firm of DAHIYA LAW, filed concurrently herewith.

12. After conferring with Karamvir S. Dahiya, the Debtor believes that DAHIYA LAW does not hold or represent an adverse interest to the estate, and are disinterested persons. DAHIYA LAW has agreed that it shall not service or represent those persons holding conflicting (against the debtor) interest

in connection with this case, nor shall such other representation adversely affect the quality of the services which DAHIYA LAW shall render herein.

### SERVICES TO BE RENDERED

13. The Debtor believes it is necessary to retain Dahiya Law to render the following services:

a. The administration of this case, and the exercise of oversight with respect to the Debtor's affairs, including all issues arising from or impacting the Debtor or this Chapter 11 Case;

b. The preparation on behalf of the Debtor of necessary applications, motion, memoranda, orders, reports and other legal papers;

c. Appearances in Court and at various meetings to represent the interests of the Debtor:

d. Representing the Debtor in examining and negotiating any potential sale of the Debtor's business or refinancing of its business;

e. Negotiating with any DIP lender, as well as creditors for the benefit of the estate;

f. Formulating, negotiating, drafting, and pursuit of confirmation of a plan of reorganization and matters related thereto;

g. Such communication with creditors and others as the Debtor may consider desirable or necessary; and

h. The performance of all other legal services for the Debtor in Connection with this chapter 11 case, as required under the Bankruptcy Code and the Bankruptcy Rules, and the performance of such other services as are in the interest of Debtor.

## **TERMS OF RETENTION**

14. DAHIYA LAW has indicated its willingness to serve as counsel to the Debtor and to receive compensation and reimbursement in accordance with its standard billing practice of services rendered and expenses incurred on behalf of the Debtor, in accordance with the provision of section 328, 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court. The firm's billing practice as summarized and agreed to herewith by the Debtor:

a. DAHIYA LAW shall bill the Debtor for legal services at its regular hourly rates;

b. These fees range from $75.00-$100 per hour, for clerks' and para-professionals' time, $150 to $200 per hour for associates' time, up to $400 for counsels' time and to $400 per hour for partners' time;

c. These fees are subject to change on an annual basis.

d. DAHIYA LAW shall also be reimbursed for its disbursements incidental to its representing the Debtor in this case.

15. DApc's hourly billing rates for professional are not intended to

cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, DAHIYA LAW regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, inter alia, word processing, secretarial time, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for "working meals" and computer aided research.

16. DAHIYA LAW shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 328, 330 and 331 and Fed. R. Bankr. P. 2016.

17. Ms. JESAL PATWARI understands that DAHIYA LAW shall not render any services to her in connection with any other matter without first obtaining the approval of this Court.

18. Ms. Jesal Patwari understands that if she requires individual counsel or legal representation in other cases she must retain her own separate counsel.

## WAIVER OF MEMORANDUM OF LAW

21. This motion does not raise any novel issues of law and, accordingly, the Debtor respectfully requests that the Court waive the requirement contained in Rules of the Local Bankruptcy Rules for the District of New Jersey that a separate memorandum of law be submitted in support of the Motion.

## NOTICE

22. No trustee, examiner or creditors committee has been appointed in the Debtor's Chapter 11 case. Notice of this motion has been provided to the Office of the United States Trustee for the District of New Jersey.

## NO PRIOR REQUEST

No prior application has been made for the relief sought herein.

WHEREFORE, it is respectfully requested that an order be entered authorizing the retention of Dahiya Law Offices LLC., as the Debtor's attorneys herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.

Dated: New York, New York
       February 11, 2009
                    Jesal Patwari.

                    By: /s/ Jesal Patwari

<u>Jesal Patwari, individually as debtor</u>

<u>Jesal Patwari, individually as debtor</u>