**DAHIYA LAW OFFICES LLC**
*JESAL PATWARI*
325 Broadway Suite 304
New York, New York 10007
212-766- 8000
Karamvir Dahiya (KD 9738)



**Proposed Attorneys for Debtor and Debtor in Possession**

*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF NEW JERSEY*
-----------------------------------------------------------X

| | |
|---|---|
| In re | Case No.: 08—26178-NW |
| *JESAL PATWARI*, | In Proceedings for Reorganization |
| Debtor. | under Chapter 11 |

-----------------------------------------------------------X

### DECLARATION IN SUPPORT OF THE DEBTOR'S MOTION TO RETAIN DAHIYA LAW OFFICES LLC AS COUNSEL TO THE DEBTOR

KARAMVIR S. DAHIYA, declares:

1. I am an attorney admitted to practice law before this Court and am a member of the law firm of Dahiya Law Offices, LLC. ("DAHIYA LAW"), which maintains its offices at 325 Broadway Suite 304 New York New York 10007.

2. I submit this declaration in support of the above-named Debtor's motion to retain Dahiya Law, as the Debtor's attorneys in this case.

3. Neither I, Dahiya Law, nor any member or associate thereof has any known connection with the above- named Debtor, its creditors, affiliates or any

other party in interest, nor represents any interest adverse to that of the Debtor's estate in matters upon which said law firm is to be engaged, except that I, said law firm, its members, associates and counsel (i) may appear in the future in cases in which one or more of said parties or their attorneys may be involved; (ii) Dahiya Law received and will receive its initial retainer in this case from the Debtor Jesal Patwari; (iii) Dahiya Law, has represented and does represent the Debtor's other business entities, presently in bankruptcy chapter 11 proceedings, However, none of these factors will diminish the quality of services which Dahiya Law proposes to render for the Debtor herein or is in conflict with such proposed services.

4. I have fully disclosed to the Debtor the retention arrangement.

5. The Debtor expressly consented to the arrangement by making the motion for my firm's retention and making this arrangement to pay my fees.

6. The Debtor signed the motion.

7. The motion stated that my firm was receiving the initial retainer payments from its president relative Gregory.

8. Ms. Jesal Patwari has not retained any other independent counsel for this case, except that Ms. Sushila Verma may be hired for prosecuting claims under state laws. However her retention application will be filed with this court shortly.

9. Other than terms explicitly mentioned herein in the application,

neither Jesal nor any other officers of her corporations has agreed to nor have they been requested to pay any additional fees to me or my firm on account of services which we are rendering for the Debtor.

10. With the additional exceptions that I and/or my firm are also taxpayers to the State of New York, City of New York and the United States Internal Revenue Service, I am unaware of other facts which otherwise create the appearance of non-disinterestedness, actual conflict, or and impermissible potential for a conflict of interest.

11. In the event that a creditor or party-in-interest of this estate is represented by the undersigned's law firm, we will not represent such creditor or party-in-interest in this case.

12. I believe that Dahiya Law is a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14), 327 and 328, and neither holds nor represents an interest adverse to the Debtor or its estate on the matters on which it s to be retained.

13. I have advised the Debtor and Debtor in Possession, of Dahiya Law's willingness to serve as counsel to the Debtor herein and to accept compensation for professional services rendered and related expenses incurred in accordance with those stated in the Debtor's motion to retain Dahiya Law as its counsel herein.

14. Dahiya Law's regular hourly fees for the services to be rendered in

this case range from $75.00-$100 per hour, for clerks' and paraprofessionals' time, $150 to $250 per hour for associates' time, up to $400 for counsels' time and up to $400 per hour for partners' time.

15. This fee schedule is subject to change on an annual basis.

16. I and those attorneys of Dahiya Law's bankruptcy/creditors' rights group who will be rendering services in this case have read and are generally familiar with (i) the Bankruptcy Reform Act of 1978, as amended with further qualification owing to 'Bankruptcy Abuse Prevention and Consumer Protection Act of 2005; (ii) the Federal Rules of Bankruptcy Procedure; and (iii) the Local Rules of this Court.

17. Dahiya Law has not received any compensation to date on account of its retention by the Debtor in this case, except for $5000 paid by Ankoor Patwari, debtor's husband for legal research and consultation with Ms. Sushila Verma (District Court and State Court litigation Counsel for the debtor) on the issues of Abstention, Referral from District Court to Bankruptcy Court paid on behalf of the Debtor prior to this application for engagement.

18. No agreement exists between Dahiya Law and any third-person for the sharing of fees in this case, except as part of the compensation packages of Dahiya Law's professional employees and counsel.

19. I declare the foregoing statements to be true and correct under

penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
      February 11, 2009

                                            /s/ Karamvir Dahiya
                                        Karamvir Dahiya (KD 9738)