UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
ACTING UNITED STATES TRUSTEE, REGION 3
Peter J. D'Auria, Esq.  (PD 3709)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Jesal Patwari, | Case No. 08-26178(NLW) |
| *Individual Debtor.* | |

| | |
|---|---|
| In re: | |
| Shapat, Inc., | Chapter 11 |
| Patwari, LLC, | Case No. 08-26181(NLW) |
| Shapat 2 LLC, | (Jointly Administered) |
| Shapat 3 LLC, | |
| *Corporate Debtors.* | |

**Hearing Date: July 20, 2009 at 2:00 p.m.**

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF THE ACTING UNITED STATES TRUSTEE FOR AN ORDER
CONVERTING CASES TO CHAPTER 7, OR  IN THE ALTERNATIVE
<u>TO DISMISS THE CASES, PURSUANT TO 11 U.S.C. §1112(b)</u>**

THE ACTING UNITED STATES TRUSTEE (the "UST"), by and through counsel, in furtherance of her duties and responsibilities, hereby respectfully moves for an Order pursuant to 11 U.S.C. § 1112(b) Converting each of the five (5) above captioned Chapter 11 Cases to Chapter 7, or in the Alternative to Dismiss the Cases (the "Motion"), and respectfully represents as follows:

## BACKGROUND

1. On August 27, 2008 (the "Petition Date"), Jesal Patwari (Case No. 08-26178(NLW)) (the "Individual Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. As of the date of the filing of this Motion, the Individual Debtor is proceeding in her case *pro se.*

2. Also on the Petition Date, Shapat, Inc. (Case No. 08-26181(NLW)), Patwari LLC (Case No. 08-26184(NLW)), and Shapat 2 LLC (Case No. 08-26186(NLW)), and Shapat 3 LLC (Case No. 08-26188(NLW)) (collectively, the "Corporate Debtor(s)") each filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. Pursuant to an order dated February 17, 2009, the Corporate Debtors' cases are jointly administered under case number 08-26181(NLW)(see docket entry 43 on case no. 08-26181(NLW)).

3. The Individual Debtor and the Corporate Debtors have each remained in possession of their respective property and management of their respective affairs; no trustee has been appointed in any of these cases to date.

4. An Unsecured Creditors' Committee has not been appointed by the UST in any of these five (5) cases.

5. Under 28 U.S.C. § 586(a)(8), the UST has a duty to "apply promptly" to this Court

after finding material grounds for seeking relief under 11 U.S.C. § 1112. This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

## ARGUMENT

6. 11 U.S.C. § 1112(b)(1), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides:

> Except as provided in paragraph (2) of this subsection,[1] subsection (c) of this section,[2] and section 1104(a)(3),[3] on request of a party in interest and after notice

---

[1]
11 U.S.C. § 1112(b)(2) states:

> The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>   (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>   (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) –
>     (i) for which there exists a reasonable justification for the act or omission; and
>     (ii) that will be cured within a reasonable period of time fixed by the court.

[2]
11 U.S.C. § 1112(c) states:

> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests

     and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

7. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B) gross mismanagement of the estate;

    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

    (E) failure to comply with an order of the court;

    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

    (H) failure timely to provide information or attend meetings reasonably requested

---

such conversion.

[3] 11 U.S.C. § 1104(a)(3) states:

    (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –

                        ***

    (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee is in the best interests of creditors and the estate.

by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

8. The causes for conversion or dismissal enumerated in 11 U.S.C. §1112(b) are not exhaustive, and the court has discretion to consider other factors as they arise, and to use its equitable powers to reach an appropriate result. *See*, *In re Integrated Teecom Press, Inc.*, 384 F.3d 108, 118 (3rd Cir. 2004), *citing* H.R. Rep No. 95-595 at 406 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6362.

*Monthly Operating Reports:*

9. Pursuant to 11 U.S.C.§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtors at the inception of these cases.

10. The reporting requirements mandate that (a) prior to confirmation, the Debtors are to file monthly operating reports within 20 days following the end of each month and (b) after confirmation, that the Debtors are to file quarterly reports within thirty days following the end of each calendar quarter.

11. As of the date of the filing of this Motion, each of the five (5) Debtors have failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases. With regard to the Individual Debtor, Monthly Operating Reports have been filed through April 2009, leaving May 2009 outstanding as of this date. With regard to the Corporate Debtors, Monthly Operating Reports have been filed through March 2009, leaving April and May 2009 outstanding as of this date. The Individual Debtor's and the Corporate Debtors' failure in this regard constitutes an "unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to a case under [chapter 11]" pursuant to 11 U.S.C. § 1112(b)(4)(F).

***Status of the Case - The Individual Debtor:***

12. In her capacity as franchisee, the Individual Debtor's pending chapter 11 case is mired in litigation (the "Subway Litigation") with Doctor's Associates Inc. and Subway Real Estate Corporation (collectively, "Subway"). The Subway Litigation is protracted, and has been protracted for some time. Based on the representations made in recent hearings before this Court, it appears unknown when the Subway Litigation will come to a conclusion.

13. As represented by the Individual Debtor and the Corporate Debtors at recent hearings in these cases, including the hearing held on June 23, 2009, the game-plan for these pending chapter 11 proceedings, at present, is to continue with the Subway Litigation; in the event of a recovery by the Individual Debtor and/or the Corporate Debtors from Subway, then there will be a prospect for a plan to be filed and prosecuted.

14. Essentially, all of these cases now revolve around the Subway Litigation, and are presently at a stand-still in the shadow of that litigation. The net result is that the Individual

Debtor's bankruptcy proceeding has been captured by the Subway Litigation. The Individual Debtor does not appear to have any other basis for a reorganization. The most recent April 2009 monthly operating report shows absolutely no activity. According to the Individual Debtor's Schedule B, there is no meaningful cash asset that could be utilized to confirm a plan.

15. To date, no plan has been filed by either the Individual Debtor or any of the Corporate Debtors. The Court has recently granted a short extension of the time for the Individual Debtor (and the Corporate Debtors as well) to file a plan of reorganization as required by 11 U.S.C. § 1121(e) (primarily to provide time for the Court to consider the arguments asserted in this Motion). However, it is clear that the Individual Debtor does not presently have the ability to formulate or prosecute a plan of reorganization. Most profoundly, pursuant to the Individual Debtor's April 2009 monthly operating report, the Individual Debtor has no financial activity whatsoever.

16. Any interest the Individual Debtor had in real estate has recently been subject to relief from the automatic stay. Stay relief has been granted as to the 1032 Waterford Drive, Edison, NJ property (see docket entry 62 on case no. 08-26178(NLW)).

17. The lack of any income reported in the April 2009 monthly operating report inspires concern over administrative insolvency as well. The Individual Debtor may[4] owe fees and expenses to Norris McLaughlin & Marcus and Dahiya & Associates for the time periods when each of those firms were retained by the Individual Debtor, and there does not appear to be any cash assets to pay any such administrative claims. The Individual Debtor's lack of income and

---

[4] To date, no final fee application has been filed by any professional in any of these cases, and accordingly, the UST reserves all rights.

absence of a reasonable likelihood of rehabilitation is cause for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(A).

18. Additionally, as argued above, the causes for conversion or dismissal enumerated in 11 U.S.C. §1112(b) are not exhaustive, and the court has discretion to consider other factors as they arise, and to use its equitable powers to reach an appropriate result. Given the totality of the circumstances of the Individual Debtor's case, there is simply no reasonable prospect for a confirmable plan, nor is there any reasonable prospect that the Individual Debtor, as franchisee to Subway, will ever re-open the stores that used to operate as the Corporate Debtors; accordingly, just cause exists for conversion or dismissal of the Individual Debtor's case.

*Status of the Cases - The Corporate Debtors:*

19. The Corporate Debtors' plight in each of their respective cases mirrors that of the Individual Debtor's case. The Corporate Debtors' cases are equally mired in the protracted Subway Litigation. The Corporate Debtors' equally lack any reasonable prospect for a confirmable plan or rehabilitation.

20. None of the Corporate Debtors were operating on the Petition Date, and none of the Corporate Debtors have operated since the Petition Date. There is no reasonable prospect that any of the Corporate Debtors will reopen any of their prior sandwich shops that were previously operated via the Individual Debtor's franchisee relationship with Subway.

21. With regard to the Corporate Debtors' prior store locations, stay relief has been granted against three (3) of the four (4) Corporate Debtors;

> (i) Stay relief has been granted as to the 595 Bloomfield Avenue, Bloomfield, New Jersey property, the store location of the Shapat 2 LLC Corporate Debtor (see docket entry 56 on case no. 08-26181(NLW));

      (ii)    Stay relief has been granted as to the 49 Claremont Avenue, Montclair, New Jersey property, the store location of the Shapat, Inc. Corporate Debtor (see docket entry 33 on case no. 08-26178(NLW));

      (iii)    Stay relief has been granted as to the 121 Bloomfield Avenue, Bloomfield, New Jersey property, the store location of the Shapat 3 LLC Corporate Debtor (see docket entry 45 on case no. 08-26181(NLW)).

With regard to the fourth Corporate Debtor, Patwari LLC, it does not appear that any motion for stay relief has been filed to date. Presumably, the Patwari LLC Corporate Debtor presumably continues to accrue post-petition administrative expenses associated with its prior store location at 6901 Bergenline Avenue, Guttenberg, New Jersey.

    22. The Corporate Debtors' administrative insolvency is deepened by the presence of greater professional fees, which continue to accrue in these cases. Pursuant to the First Interim Fee Application filed by the Norris McLaughlin & Marcus firm (see docket entry 40 on case no. 08-26181(NLW)), $92,953.00 in fees and expenses accrued through December 31, 2008, and that firm is only holding a retainer of $25,000.00. Thereafter, there have been multiple hearings in these cases during this calendar year 2009, and professional fees continue to accrue in these cases to date. Pursuant to their most recently filed March 2009 monthly operating reports, none of the Corporate Debtors have any cash. As of this date, on a liquidation basis, the Corporate Debtors appear substantially administratively insolvent.

    23. The Corporate Debtors' lack of any operations/revenue/income causes a substantial and continuing loss or diminution of their estates, while there is a complete absence of a reasonable likelihood of rehabilitation. Accordingly, cause exists for conversion or dismissal of the Corporate Debtors' cases pursuant to 11 U.S.C. § 1112(b)(4)(A).

24. Additionally, as argued above, the causes for conversion or dismissal enumerated in 11 U.S.C. §1112(b) are not exhaustive, and the court has discretion to consider other factors as they arise, and to use its equitable powers to reach an appropriate result. Given the totality of the circumstances of the Corporate Debtors' cases, there is simply no reasonable prospect for a confirmable plan, nor is there any reasonable prospect that any of the Corporate Debtors will ever re-open any of their sandwich stores which have not operated since some time before the Petition Date; accordingly, just cause exists for conversion or dismissal of the Corporate Debtors' cases.

*Conversion to Chapter 7 Proceeding, or Alternatively, Dismissal:*

25. The Corporate Debtors could have assets (machinery and equipment) that can be administered for the benefit of creditors (admittedly, some or all of the equipment may be subject to liens). Pursuant to testimony provided at the follow-up 341 Meeting of Creditors held on December 3, 2008, the Corporate Debtors all have assets (machinery and equipment) that was at that time secured in storage.

26. The Individual Debtor's schedules list modest assets as well. However, it is noteworthy that any interest the Individual Debtor may have had in real estate has been recently subject to stay relief.

27. Accordingly, the UST submits that conversion of all of these cases would be in the best interest of creditors. Conversion would result in the appointment of an independent trustee who would liquidate any assets and investigate whether there are any avoidance causes of action which might lead to a distribution to creditors.

28. In the alternative, if the Court finds that these cases are presently not suited for

conversion to a chapter 7 proceeding, UST respectfully submits all of these cases should be dismissed.

## CONCLUSION

29. In sum, the UST respectfully asserts that cause is abundant in all five (5) of these cases, in the Individual Debtor's case and in each of the Corporate Debtors' cases, for conversion or dismissal.

WHEREFORE, for the foregoing reasons, the UST respectfully requests that this Court enter an Order Converting each of the Individual Debtor's and the Corporate Debtors' cases to Chapter 7, or in the Alternative Dismissing the Cases, and for such other and further relief that is deemed just and equitable.

    Respectfully submitted,

    ROBERTA A. DeANGELIS
    ACTING UNITED STATES TRUSTEE
    REGION 3

    */s/ Peter J. D'Auria*
    Peter J. D'Auria
    Trial Attorney

DATED: June 23, 2009